MORGAN *v.* SLAYDEN.

4-4023

Opinion delivered November 4, 1935.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Richardson & Richardson,* for appellant.
*Smith & Judkins,* for appellee.

HUMPHREYS, J. Appellee brought suit against appellant in the circuit court of Lawrence County, Eastern District, in unlawful detainer to recover possession of the SW¼ of section 29 and the NW¼ of section 32, township 16 north, range 1 west, in said county, containing 114 acres, alleging that he rented appellant said real estate with the improvements thereon for and during the year 1934, and that, notwithstanding he notified him to vacate the premises after the expiration of the year, he failed to surrender the possession thereof and is unlawfully holding same.

Appellant filed an answer denying that he leased said land for one year only, but averring that he leased same for the years 1934 and 1935 and that he is in the lawful possession thereof under said lease.

Appellant also filed a cross-complaint alleging as follows: "That plaintiff (appellee) now is, and has been since on or about the 1st day of December, 1934, indebted unto the defendant (appellant) in the sum of one-half of $338.10 rental received by the plaintiff (appellee) from the Secretary of Agriculture for thirty acres of said farm previously rented defendant (appellant) received from said Secretary of Agriculture on said farm, which the plaintiff (appellee) has failed and refused to pay unto defendant (appellant); that said sums of money are due defendant (appellant) by the plaintiff (appellee) by reason of a certain contract executed by the plaintiff (appellee) and the Secretary of Agriculture for the year 1934, whereby thirty acres of the land previously leased unto defendant (appellant) by the plaintiff (appellee) on said farm was rented unto the Secretary of Agriculture, in which contract it was provided that a 'managing share-tenant' should be paid and received one-half of said rental, and the tenant, whether he be managing share-tenant or not, should be paid and receive three-fourths of the parity payment for said farm; that the defendant (appellant) was in fact such managing share-tenant for the year 1934 on said farm, and, the plaintiff (appellee) having received from the Secretary of Agriculture the sum of $338.10 as Government rental on said farm for said year 1934, and $64.29 as parity on said base acreage consisting of 87 acres of said farm, and having failed to pay over to defendant (appellant) one-half of said rental and three-fourths of said parity unto defendant (appellant), the plaintiff (appellee) now has in his possession and withholds from and refuses to pay to defendant (appellant) the total sum of $209.77 with interest at 6 per cent. thereon from December 1, 1934, and prayed that plaintiff (appellee) take nothing on his complaint; and that defendant (appellant) recover of and from the plaintiff (appellee) judgment in the sum of $207.77; for his costs herein and for all other proper relief."

On March 19, 1935, appellee filed his reply to appellant's cross-complaint as follows:

624

"Now comes Dr. L. T. Slayden and denies that the plaintiff (appellee) is indebted to the defendant (appellant) in the sum of $64.29, the defendant's (appellant's) part of the parity checks, under and by virtue of any agreement with the Secretary of Agriculture, or for any other sum for any other reason; that the defendant (appellant) was a managing share-cropper on plaintiff's (appellee's) land; that the defendant (appellant) is entitled to $338.10 in addition to the above amount, or in any other sum as Government rental paid for the year 1934; that the plaintiff (appellee) is indebted to the defendant (appellant) in the total sum of $209.77 or any other sum by reason of any payments made by the Secretary of Agriculture to the plaintiff (appellee) for said year. Wherefore prays as in original complaint, and that the defendant's (appellant's) cause be dismissed, and that the cross-complainant take nothing by reason of same, and that plaintiff (appellee) have all other proper relief."

On March 20, 1935, the cause was tried to a jury. The evidence introduced by appellee tended to show that the contract of rental or lease was for the year 1934 only. The evidence introduced by appellant tended to show that said lease or contract was for the years 1934 and 1935. The evidence was conflicting as to whether appellant was a managing share-tenant under the Federal Adjustment Act of May 12, 1933, (7 USCA, § 601, et seq.) and entitled to any part of the parity check and rental check appellee should and did receive from the Secretary of Agriculture for thirty acres of land rented to the Government and which was not cultivated by appellant in the year 1934.

The undisputed evidence, however, showed that appellee owned the land, paid the taxes thereon, and that appellant made no improvements thereon.

The undisputed evidence also showed that no privity existed between appellant, the tenant, and appellee, the landlord, in the contract which appellee entered into with the Secretary of Agriculture under the authority of the Agricultural Adjustment Act aforesaid.

At the conclusion of the testimony, the court submitted the issue of whether the lease or rental contract entered into by appellant and appellee was intended to and did cover the period of one or two years, which issue the jury found in favor of appellant, and the judgment rendered pursuant thereto has not been appealed from.

The court also dismissed appellant's cross-complaint at the conclusion of the testimony, from which judgment of dismissal an appeal has been duly prosecuted to this court. The contract between the Secretary of Agriculture and appellee is similar to the contract between the landlord and the Secretary of Agriculture in the recent case of *West* v. *Norcross*, 190 Ark. 667, 80 S. W. (2d) 67. This court said in the West case that no privity existed under the contract between the landlord and the share-croppers, and that the tenants had no enforceable cause of action under it against the landlord. The instant case is governed by the West case.

No cause of action having been alleged in the cross-complaint or reflected by the evidence, the court should have dismissed the cross-complaint as he did.

The judgment is therefore affirmed.