ROBERTSON v. DAVIS.

4-4429

Opinion delivered November 16, 1936.

*H. B. Mixon,* for appellant.

McHANEY, J. Appellant sued appellee for $266.02 for rent due on cotton grown on appellant's land for the year 1934. The cotton was attached, but the rent was paid into the registry of the court and the attachment released. There is no dispute about the amount of the rent. The controversy arises because of the fact that appellant rented certain of his lands to the Secretary of Agriculture for said year and appellee claimed and the court awarded him one-half the amount paid by the Secretary in the sum of $124. This appeal is from such judgment.

In this respect the court fell into error for two reasons. 1. The written contract between appellant and appellee specifically provides "that the money paid therefor shall be paid to the first party," that is to appellant, and appellee was given the acreage cut rent free. 2. Appellee was not a party to the contract between appellant and the Secretary of Agriculture and there was no privity between them thereto. In *Morgan v. Slaydon,* 191 Ark. 622, 87 S. W. (2d) 61, we held, under like circumstances, as follows, quoting a syllabus: "Where no privity existed between a tenant and a landlord in a landlord's contract with the Secretary of Agriculture under the Agricultural Adjustment Act, a tenant is not entitled to any part of a parity check and rental check which the landlord received from such Secretary for land rented to, but not cultivated by, the tenant." See also *West v. Norcross,* 190 Ark. 667, 80 S. W. (2d) 67. The instant case is ruled by these, and the trial court should have awarded judgment for appellant for the amount of the rent claimed and have dismissed appellee's cross-complaint for want of equity.

Judgment will be reversed, and the cause remanded, with directions to enter judgment in favor of appellant for $266.02, the amount in the registry of the court, and the cost of this appeal.